Dear Mr. Doughty,
On behalf of the Richland Parish Police Jury, you have requested an opinion of this office regarding the ditch dirt that has been removed from ditches the police jury has had cleaned. According to your request, the landowners do not want the dirt and want it hauled away. Richland Parish also has no need for the dirt. Therefore, you ask whether the dirt can be given by the police jury to third persons (other than the landowners).
As an initial matter, we note that police juries are authorized to construct and maintain drainage ditches pursuant to La.R.S. 33:1236(13). Inherent in this authority is the police jury's ability to remove any dirt or spoil produced by digging or cleaning drainage ditches.
The procedures for municipalities to dispose of surplus movable property, such as the ditch dirt, are set forth in La.R.S. 33:4712(F) and La.R.S. 39:125. La.R.S. 33:4712(F) authorizes municipalities to sell movable property with an appraised value of five thousand dollars or less at a private sale, provided that: (i) the municipality passes a resolution giving the reasons for the sale and fixing the minimum price and terms of the sale shall be adopted; (ii) notice of the resolution and proposed sale are published once at least fifteen days prior to the date of the sale in the official journal of the municipality; and (iii) the sale is made to the person with the highest bid. La.R.S. 39:125
authorizes the sale of movable property at a public auction by any political subdivision of the state.[1] *Page 2 
In addition, any disposal of public property must be made in light of La.Const. art. VII, Sec. 14(A), which provides, in pertinent part, as follows:
 "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
The Louisiana Supreme Court has found that this constitutional provision is violated "when public funds or property are gratuitously alienated."[2] In applying the Cabela's standard to facts to determine whether a proposed expenditure or transfer of funds is permissible under La.Const. art. VII, Sec. 14(A), our office has consistently opined that in order for the expenditure to be valid, the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
Assuming the ditch dirt has some value, it cannot simply be given away by the police jury. La. Atty. Gen. Op. No. 98-219. Our office is unable to make a determination of how much value the ditch dirt has, but we recommend having the dirt appraised so that an accurate fair market value is obtained. If an appraisal is unavailable, the police jury needs some other type of documentation to show the fair market value of the ditch dirt so that it can ensure it receives at least equivalent value for the dirt. It is the responsibility of the police jury to adequately document that it is receiving equivalent value for the dirt that it sells, or, if the dirt has no value, that fact must be documented as well.
If, as suggested by your opinion request, the ditch dirt turns out to have very little value or has a negative fair market value (i.e., it costs more to store and haul than to dispose of), then after attempts to sell the dirt in accordance with La.R.S. 33:4712(F) or La.R.S. 39:125
have been made, the police jury may dispose of the dirt. We emphasize that this can only be done after a determination has been made that the dirt has no value. In accord is La. Atty. Gen. Op. No. 00-461, which stated that a municipality may dispose of obsolete computers and office *Page 3 
equipment, which essentially have no market value, if the property does not sell. See also La. Atty. Gen. Op. No. 93-334, wherein our office noted that if a particular piece of school board property was appraised at a negative fair market value, i.e., is more of a liability than an asset, then the transfer of that property to a community group after failed attempts to sell the property under Title 41 would not constitute a prohibited donation under La.Const. art. VII, Sec. 14(A). This would not be a prohibited donation because nothing of value is being transferred.
In the event that you determine the ditch dirt has some value, then the police jury must ensure that it receives equivalent value in exchange for the dirt. Recently, in La. Atty. Gen. Op. No. 09-0119, our office considered whether the moving, hauling, or relocating of dredge material would violate La.Const. art. VII, Sec. 14. The opinion stated that, "[w]hile the moving, hauling, or relocating of the dredge materials would be accomplished by the expenditure of public funds, the drainage district receives the reciprocal benefit of being able to properly maintain the drainage channel/canal. Further, the drainage district, through its inherent authority and obligation to maintain the channel/canal, could sell the dredge material and return to the riparian owner any profits from the sale of the dredge materials less any cost to the drainage district for the work done by the drainage district during the course of the transaction of hauling and selling the dredge material." As you can see, the reciprocal benefit the police jury receives does not necessarily have to be money. It only needs to be something of equivalent value in order to ensure public property is not being given away for free.
Accordingly, it is the opinion of this office that the police jury may dispose of the ditch dirt using the procedures set forth in La.R.S.33:4712(F) or La.R.S. 39:125 as long as it receives equivalent value for the dirt. If the police jury is able to adequately document that the dirt has no or negative value, then it may be disposed of without violating La.Const. art. VII, Sec. 14.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: __________________________
 Lindsey K. Hunter
 Assistant Attorney General

JDC/LKH/chb
[1] Although it does not seem that this is a possibility based on the facts you presented, we note that La.R.S. 33:1321 et seq., the "local services law" provides for the purchase of surplus materials and supplies by one public entity from another without the other public entity going through a public auction. The transfer must be for a price that is commensurate to the value of the surplus property (i.e., cannot violate La.Const. art. VII, Sec. 14).
[2] Board of Directors of the Industrial Development Board of the Cityof Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizensof the City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20
(the "Cabela's" case).